**In re Thelma Jane PRITZL, Debtor.**

**Thelma Jane Pritzl, Plaintiff,**

v.

**Citibank (N.Y. State), N.A. as Trustee for the Student Loan Corporation and Sallie Mae Financial Corporation Defendants.**

**Bankruptcy No. 01–02573–5–ATS. Adversary No. S–02–00133–5–AP.**

United States Bankruptcy Court, E.D. North Carolina, Raleigh Division.

Dec. 20, 2002.

William E. Brewer, Jr., Raleigh, NC, for Debtor/Plaintiff.

Mark G. Bodner, Ft. Lauderdale, FL, for FDOE.

Anna S. Gorman, Poyner & Spruill, L.L.P., Charlotte, NC, for Citibank.

## ORDER ALLOWING MOTION FOR SUBSTITUTION OF PARTIES AND DENYING MOTION TO DISMISS

A. THOMAS SMALL, Bankruptcy Judge.

The matters before the court are the motions of the Florida Department of Education, Bureau of Student Financial Assistance ("FDOE"), for substitution of parties and to dismiss the complaint for lack of jurisdiction. A hearing took place on December 4, 2002, in Raleigh, North Carolina.

Thelma Jane Pritzl filed a petition for relief under chapter 7 of the Bankruptcy Code on September 6, 2001. On August 26, 2002, she filed the instant adversary proceeding to determine the dischargeability of her student loans. Subsequently, defendant Sallie Mae Financial Corporation ("Sallie Mae") assigned one of Ms. Pritzl's student loans to FDOE, which had guaranteed the loan. FDOE now seeks to be substituted as a party in place of Sallie Mae under Rule 25 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 7025 of the Federal Rules of Bankruptcy Procedure. The court agrees that substitution is appropriate, and the motion for substitution of parties is allowed.

FDOE next moves the court for dismissal of the action, contending that it is an agency of the State of Florida and is entitled to sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution. The court disagrees. As a fundamental matter, the debtor did not file an action against the FDOE, nor did she serve any process on the FDOE. Sallie Mae assigned its claim to the FDOE, and the FDOE came to this court and requested that it be made a party to this action.

The United States Court of Appeals for the Fourth Circuit, in *Commonwealth of Virginia v. Collins (In re Collins)*, 173 F.3d 924 (4th Cir.1999), held that a state cannot avoid the effect of a discharge order by asserting Eleventh Amendment immunity. The court set forth the basic principles behind the fresh start, which mandate that the discharge apply to all creditors, including states.

> The power of bankruptcy courts to discharge debt is fundamental to our bankruptcy system. If a state could assert Eleventh Amendment immunity to avoid the effect of a discharge order, the bankruptcy system would be seriously undermined. A person owing debts to a state could never have those debts discharged by a bankruptcy court unless the state agreed. Debtors owing money to states could not be assured of the opportunity for a "fresh start" heretofore guaranteed by the bankruptcy laws. As the Supreme Court has said, the purpose of the bankruptcy laws is to "give[ ] to the honest but unfortunate debtor ... a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." (Citation omitted). This purpose can be fulfilled today only if the bankruptcy courts retain the power to discharge debts, including debts owed to states, consistent with established federal supremacy with respect to bankruptcy.

173 F.3d at 930 (citations omitted).

The FDOE seeks to distinguish *Collins* because it "did not involve a student loan dischargeability action but rather dealt with a situation where the Court determined that the debtor had not filed a suit against the state," while Ms. Pritzl "has filed an adversary proceeding in this matter." Florida Department of Education's Reply to Plaintiff's Objection to the Amended Motion to Dismiss Complaint, p. 4. As the court has already noted, however, Ms. Pritzl did not file an adversary proceeding against the FDOE; she filed an adversary proceeding against Sallie Mae, and the FDOE sought to be substituted as a party. Thus, *Collins* is directly applicable. Consequently, the Eleventh Amendment does not insulate the FDOE from this action, and the motion to dismiss is denied.

Based on the foregoing, the motion of the FDOE for substitution of parties is **ALLOWED,** and the motion of the FDOE

to dismiss this adversary proceeding is **DENIED.**

**SO ORDERED.**