**In re Carla Denise AUSTIN, Debtor.**

**Carla Denise Austin, Complainant,**

**v.**

**UMPAC/MHEAA, et als., Defendants.**

Bankruptcy No. 01–12089–RGM.
Adversary No. 01–1199.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Jan. 10, 2003.

Richard G. Hall, Annandale, VA, for Debtor.

Rand L. Gelber, Vienna, VA, for Defendants.

### MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

This case is before the court on the motion of three governmental entities—two of which are not parties to this adversary proceeding—seeking to be dismissed as parties defendant. The State of Michigan, the Michigan Guaranty Agency ("MGA") and the Michigan Higher Education Assistance Authority ("MHEAA") seek dismissal of this proceeding as to them. All assert that this court lacks jurisdiction over them because they are entitled to sovereign immunity under the Eleventh Amendment to the Constitution of the United States. Only MHEAA is a party to this case.

Carla Denise Austin filed a voluntary petition in bankruptcy pursuant to chapter 7 of the United States Bankruptcy Code in this court on May 10, 2001. She scheduled two student loans, one payable to UMPAC or MHEAA and the other to the USA Group. She filed this adversary proceeding on October 24, 2001, seeking to discharge her student loans under § 523(a)(8)(B) of the United States Bankruptcy Code, 11 U.S.C. § 523(a)(8)(B).[1] She named four defendants, UMPAC, MHEAA, USA Group and Sallie Mae.

The clerk issued summons on October 30, 2001, and delivered them to debtor's counsel for service. UMPAC[2] was served

---

1. Unless otherwise indicated, all statutory references are to the Bankruptcy Code.

2. Michigan states the an entity known as UNIPAC was served. The record is not clear as to the distinction, if any, between UMPAC

on November 26, 2001, and thereafter notified MGA of the complaint. MGA purchased the notes from UMPAC on December 21, 2001. Affidavit ¶ 7. On February 22, 2002, the Attorney General of Michigan filed a motion to dismiss this adversary proceeding as to the State of Michigan, MGA and MHEAA. The Attorney General asserts that MGA is the holder of the notes and is the proper party defendant. She further asserts that because all three are entitled to the defense of sovereign immunity, they should all be dismissed.[3]

The motion to dismiss as to the State of Michigan and MGA is premature as they are not parties and are not before the court. They were not named as defendants and have not sought to intervene. While it may be appropriate at some time to substitute MGA for UMPAC and MHEAA or to join MGA as a party defendant because of the purchase of the notes pendente lite by MGA from UMPAC, neither substitution nor joinder has yet been requested. Fed.R.Bankr.P. 7025.

The proper procedure is illustrated by the actions taken by Sallie Mae Servicing L.P. and Educational Credit Management Corporation ("ECMC"). Sallie Mae requested an extension of time within which to file an answer asserting that it had acquired its notes from USA Group, that United Students Aid Funds, Inc. ("USA Funds") had guaranteed payment of the notes and that it was seeking payment on the guarantee. USA Funds honored its guarantee by reacquiring the notes.

ECMC in turn had guaranteed USA Funds. ECMC honored its guarantee by purchasing the notes. It filed a motion under Fed.R.Bankr.P. 7025 which incorporates Fed.R.Civ.P. 25(c) to substitute it as a party defendant. The motion was granted and ECMC has been substituted as a party defendant for USA Group and Sallie Mae who have been dismissed as parties defendant. ECMC filed an answer on December 7, 2001.[4]

The argument concerning the motion to dismiss involves sovereign immunity. There is a tension between the right of the debtor to a full adjudication of her federal rights and the state's right of sovereign immunity. UMPAC is not entitled to assert sovereign immunity because it is a private lender. Affidavit ¶ 7. MGA argues that if it were the defendant rather than UMPAC, it would be dismissed on grounds of sovereign immunity and thereby defeat the debtor's right to an adjudication of her federal rights. This does not necessarily follow. *See Pritzl v. Citibank (N.Y. State), N.A. (In re Pritzl)*, 287 B.R. 152 (Bankr.E.D.N.C.2002). In addition to the discussion in *Pritzl*, waiver must be considered. When an entity purchases a note already in litigation, it receives not only all the benefits of being the noteholder, but also all the burdens, particularly, the impact of the pending litigation. No process is issued against the state in such circumstances. *See Commonwealth of Virginia v. Collins (In re Collins)*, 173

(which is the creditor the debtor actually scheduled) and UNIPAC. For consistency purposes, the court will adopt the debtor's acronym and refer to the party as UMPAC.

3. None of these parties or their predecessors in interest filed a proof of claim.

4. Sallie Mae Servicing L.P. also filed three proofs of claims totaling $84,84,118.92. Each reflects Sallie Mae Servicing L.P. as

authorized agent for a third party, Norwest/NHELP, NELNET II/ZIONS and Student Loan Funding, respectively, and reflect an assignment of the claims to United Student Aid Funds as of December 6, 2001. ECMC filed a notice of the transfer of the claims on January 23, 2002, as required by Fed. R.Bankr.P. 3001(e)(2). In this case proofs of claims were not required to be filed. Fed. R.Bankr.P.2002(e), 3002(c)(5).

F.3d 924 (4th Cir.1999). If MGA moves to substitute itself as a party, it may be submitting itself to federal jurisdiction. *See Lapides v. Board of Regents of the University System of Georgia,* 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002)(removal of case to federal court). If it does not move to substitute itself as a party, it may be bound by the adjudication of its predecessor in interest. *See Kloster Speedsteel AB v. Crucible, Inc.,* 793 F.2d 1565, 1582 (Fed.Cir.1986); 6 Moore's Federal Practice, § 25.30[6].

MGA also argues that the student loan and the guarantee of the student loan are inseparable and, therefore, that MGA is protected by sovereign immunity as to both. However, a maker's obligation to the noteholder and the obligation that may arise to a guarantor upon payment of the guarantee are two separate and distinct obligations. In fact, until MGA acquired both rights, the rights resided in separate entities. *See Garmhausen v. Sallie Mae Servicing Corporation,* 262 B.R. 217, 222–23 (Bankr.E.D.N.Y.2001)("These are two distinct obligations and the mere fact that [the guarantor] now holds both of them does not transform them into one.").

Because of the sensitive nature of the claim of sovereign immunity, the matter should be brought before the court properly. The apparent informality does not permit the full development of the issues. The motion as to the State of Michigan and MGA will be stricken. They are not before the court. They were not named as defendants or substituted or joined as defendants. They have not sought to intervene. The affidavit which was attached to

the motion to dismiss is unrebutted and establishes that MHEAA is a state agency. It is entitled assert the defense of sovereign immunity and will be dismissed as a party defendant. In the absence of any further motion the case will proceed as to UMPAC which is now in default. Fed. R.Civ.P. 25(c).[5]

---

**5.** Federal Rule of Civil Procedure 25(c), which is incorporated into Fed.R.Bankr.P. 7025 states:

**Transfer of Interest.** In case of any transfer of interest, the action may be continued by or against the original party, unless the

court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.